**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jaquita Cook,

Plaintiff,

v.

Domino's Pizza L.L.C.,
Domino's Pizza, Inc., and
Ivan Markiv,

Defendants.

Civil No. 01-500 RHK/JMM
**MEMORANDUM OPINION AND ORDER**

---

John A. Fabian, Nichols, Kaster & Anderson, Minneapolis, Minnesota, for Plaintiff.

Mary E. Stumo, Charles F. Knapp, and Holly M. Robbins, Faegre & Benson, L.L.P., Minneapolis, Minnesota, for Defendants Domino's Pizza, L.L.C. and Domino's Pizza, Inc.

Regina M. Chu, Wilson Law Office, Minneapolis, Minnesota, for Defendant Ivan Markiv.

---

## Introduction

Before the Court is Defendants Domino's Pizza, L.L.C. and Domino's Pizza, Inc's (collectively "Domino's") Partial Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiff Jaquita Cook ("Cook") brought this suit alleging (I) sex discrimination pursuant to Title VII of the Civil Rights Act of 1964

[1] Domino's also brought an alternative Motion for Partial Summary Judgment. The Court declined to consider Domino's alternative motion for the reasons stated on the record.



FILED JUL 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

("Title VII"), 42 U.S.C. § 2000(e) et seq.; (II) sex discrimination pursuant to the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363.01 et seq.; (III) assault and battery; (IV) negligent retention and supervision; (V) false imprisonment; (VI) reprisal discrimination pursuant to the MHRA; (VII) reprisal discrimination pursuant to Title VII; and (VIII) constructive discharge. Domino's has moved to dismiss Counts III (assault and battery), IV (negligent retention and supervision), V (false imprisonment), and VIII (constructive discharge).[2] For the reasons set forth below, the Court will grant the motion in part and deny it in part.

**Background**[3]

Jaquita Cook was employed by Domino's from August 1999 until January 2001. (Am. Compl. ¶¶ 8, 16.) In August 2000, Cook was assigned to work as a customer service representative at the Domino's located at 2441 Hennepin Avenue South, Minneapolis, Minnesota (hereinafter the "Hennepin Avenue store"). (Id. ¶ 8.) While working at this location, Cook reported to and was supervised by store manager Ivan Markiv ("Markiv"). (Id. ¶¶ 6, 8.) In late November or early December 2000, after

---

[2] Domino's has not moved to dismiss Counts I (Title VII Sex Discrimination), II (MHRA Sex Discrimination), VI (MHRA Reprisal Discrimination), or VII (Title VII Reprisal Discrimination).

[3] The facts recited within this section of the Memorandum are taken from Cook's Amended Complaint. For purposes of this Motion to Dismiss, the Court accepts Cook's allegations as true. See Cooper v. Pate, 378 U.S. 546, 546 (1964) (per curiam) (stating that on a 12(b)(6) motion, the court must accept the allegations within the complaint as true).

closing the Hennepin Avenue store, Cook received a phone call at her home from Markiv. (Id. ¶ 9.) Markiv sounded intoxicated and asked Cook if she would be his girlfriend. (Id.) Cook denied his offer, and shortly thereafter reported the incident to Domino's district manager John Weichmann ("Weichmann"), Markiv's immediate supervisor, who indicated that he would talk to Markiv about the incident. (Id.) Cook also related the incident to then store manager of the Domino's store on Nicollet Avenue, Angie Buboltz. (Id.)

Early in the morning on December 31, 2000, Cook alleges that she was sexually harassed by Markiv as she was in the process of closing the Hennepin Avenue store. (Id. ¶ 10.) According to Cook, Markiv rubbed her back as she counted the receipts, told her he wanted her and was not going to leave until he got what he desired, offered her money to have sex with him, and physically restrained her while forcing his hand into her pants, touching her vaginal area. (Id. ¶ 11.) Cook's repeated requests to Markiv that he stop were to no avail. (Id.) Markiv continued to grope Cook until she hit him with a pizza pan, at which time Markiv left the store. (Id. ¶¶ 11-12.) Cook then called an Edison High School teacher, who gave her a ride home. (Id. ¶ 12.) That afternoon, Cook called Weichmann to report the incident, and request that she no longer work with Markiv. (Id. ¶ 13.) As a result of this call, she was transferred to the Domino's Oak Street location. (Id. ¶ 14.) This location was more inconvenient for Cook, due to its increased distance from her home. (Id.) On January 3, 2001, Cook, while on duty at the Oak Street store,

was called by Weichmann and directed to report to the Hennepin Avenue store. (Id. ¶ 15.) While working at the Hennepin Avenue store, Markiv approached Cook and demanded to know why she was there, asserted that she was not supposed to be there, and accused her of playing games. (Id.) As a result of this encounter, and due to safety concerns, Cook took a leave of absence and resigned three weeks later, never having returned to work. (Id. ¶ 16.)

## Analysis

### I. Standard of Decision

Under Federal Rule of Civil Procedure 12(b)(6), in ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court takes as true the allegations contained in the complaint. See Cooper v. Pate, 378 U.S. 546, 546 (1964) (per curiam). Moreover, a complaint

> must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the of the necessary factual allegations. "Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."

Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (quoting Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978)). Examining the complaint in this light, a court may dismiss a case pursuant to Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts that could be proved, consistent with the allegations.

See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## II. Constructive Discharge (Count VIII)

Minnesota does not recognize constructive discharge as an independent common law claim. See Steinbach v. Northwestern Nat'l Life Ins. Co., 728 F. Supp. 1389, 1394 (D. Minn. 1989) (finding that Minnesota does not recognize a general common law claim of wrongful discharge and rejecting it as duplicative of other statutory claims). Thus, as an independent cause of action, this claim must be dismissed as it is not actionable in Minnesota.[4]

## III. Assault and Battery (Count III) and False Imprisonment (Count V)

Domino's argues that these claims fail as asserted against it because the torts were not within Markiv's scope of employment, and were not foreseeable to it; therefore, the doctrine of respondeat superior does not apply (Def.'s Reply Mem. at 2-5.) As interpreted in Minnesota, "an employer may be held liable for even the intentional misconduct of its employees when (1) 'the source of the attack is related to the duties of the employee,' and (2) 'the assault occurs within work-related limits of time and place.'" Fahrendorff v. N. Homes, Inc., 597 N.W.2d 905, 910 (Minn. 1999) (quoting Lange v.

---

[4] Although not an actual claim, Cook is not foreclosed from establishing constructive discharge as an adverse employment action supporting her Title VII and MHRA claims. See Rosenbloom v. Senior Resource, Inc., 974 F. Supp. 738, 745 (D. Minn. 1997) (Alsop, J.).

Nat'l Biscuit Co., 297 Minn. 399, 404, 211 N.W.2d 783, 786 (1973)).

Domino's first asserts that, because Markiv's action was for the satisfaction of his own lustful desires, his actions cannot be considered within the scope of his employment. The court in Fahrendorff, however, explicitly found otherwise. See id. (noting that acts performed for personal gratification are not necessarily outside the scope of one's employment); see also Marston v. Minneapolis Clinic of Psychiatry and Neurology, 329 N.W.2d 306, 311 (Minn. 1982) (stating that "the employee's motivation should not be a consideration for imposition of vicarious liability"). Instead, the question is "whether the employee's acts were foreseeable, related to, and connected with acts otherwise within the scope of his employment." Fahrendorff, 597 N.W.2d at 910 (emphasis added). Here, the district manager of Domino's was informed of the drunken, late-night phone call to Cook by Markiv prior to the assault and false imprisonment, making Markiv's intentional acts foreseeable. Also, Markiv was Cook's manager, and may have been responsible for structuring Cook's work schedule such that she was alone in the store with him at closing time, establishing a nexus between the attack and the scope of his duties. In sum, there exists, at a minimum, a set of facts that, if proven, would provide a basis upon which this Court could grant relief. Accordingly, the Court will not dismiss this claim at this stage in the proceedings.

## IV. Negligent Retention and Supervision (Count IV)

Domino's erroneously contends that Cook's negligent retention and supervision

claims are barred, as a matter of law, by the exclusivity provisions of the MHRA. (Def.'s Reply Mem. 5-6.) A plaintiff is not precluded from pursuing common law negligence claims simultaneously with MHRA claims simply because they arise from the same set of operative facts. See Vaughn v. Northwest Airlines, Inc., 558 N.W.2d 736, 744-45 (Minn. 1997) (finding that common law negligence claims were not barred by the MHRA where separate duties were owed); Wirig v. Kinney Shoe Corp., 461 N.W.2d 374, 379 (Minn. 1990) (rejecting the notion that factually parallel causes of action are mutually exclusive). The critical determination is whether Cook's claim is grounded in a duty of care independent from the duties owed by Domino's under the MHRA. See McKenzie v. Lunds, 63 F. Supp. 2d 986, 1006 (D. Minn. 1999) (Tunheim, J.). In Vaughn, for instance, the defendant owed statutory duties under the MHRA based on plaintiff's disability, which were distinct from the common law duty of reasonable care in assisting plaintiff. See Vaughn, 558 N.W.2d at 744-45 (holding that plaintiff's common law claims were not preempted).

In this case, Cook alleges that Domino's failed to use reasonable care in the retention and supervision of Markiv, its employee. (Am. Compl. ¶¶ 34-35.) Domino's "surmise[s]" that these claims are couched in the protections of the MHRA, and are thus preempted under the Vaughn standard. (Def.'s Reply Mem. at 5.) Cook's Amended Complaint, however, can be construed as seeking relief not on the basis of prohibited acts under the MHRA, but rather on the basis of foreseeable physical harm. To maintain an

action for either negligent retention or negligent supervision, the existence of a threat, or reasonable apprehension of actual physical injury is required. Thompson v. Olsten Kimberly Quality-Care, Inc., 980 F. Supp. 1035, 1041 (D. Minn. 1997). Notwithstanding the sexual harassment at issue, Cook could prove a set of facts supporting these claims on the basis of her general physical safety, which would entitle her to relief. Therefore, these claims cannot be dismissed.

**Conclusion**

Accordingly, for the foregoing reasons, and based upon all of the files, records and proceeding herein, **IT IS ORDERED** that Domino's Partial Motion to Dismiss (Doc. No. 7) is **GRANTED** as to Count VIII (constructive discharge) of Cook's Amended Complaint, and **DENIED** as to Counts III, IV, and V.

July 17, 2001

RICHARD H. KYLE
United States District Judge

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500